UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
DOUGLAS ABERNATHY, a/k/a RAIN :
DREAMWALKER, *pro se*, :
:
              Plaintiff, :
:
      -against- : **SUMMARY ORDER**
: 12-CV-6072 (DLI)(VVP)
FRANK STRADA, :
:
             Defendant. :
------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On December 10, 2012, plaintiff, who was then incarcerated at the Metropolitan Detention Center ("MDC"), filed this *pro se* complaint alleging violations of his constitutional rights by the MDC staff, as well as a request to proceed *in forma pauperis*. Plaintiff's submission did not include the requisite Prisoner Authorization Form permitting withdrawal of funds from his Prisoner Account to pay the court filing fee. The Court ordered Plaintiff to file the form no later than February 4, 2013 or the action would be dismissed without prejudice. (*See* Jan. 18, 2013 Order, Dkt. Entry No. 6.) Plaintiff failed to file the form timely and, on February 13, 2013, the action was dismissed without prejudice for failure to prosecute. On March 13, 2013, plaintiff submitted an "Expedited Petition" and a properly executed Prisoner Authorization Form. Accordingly, the Court's February 13, 2013 Order dismissing this case is vacated and the Clerk of Court is directed to re-open this case. Plaintiff's request for leave to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915.

For the reasons set forth below, plaintiff's claim for injunctive relief is dismissed as moot and his claim for damages may proceed as set forth below.

# DISCUSSION[1]

Plaintiff brings this action pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc–1(a). Plaintiff alleges that, while he was an inmate at the MDC, defendant denied his request for various accommodations that allegedly were necessary for the practice of his Native American religion. These accommodations included "sweat lodge, drums, flutes, rattles, literature, insufficient pipe tobacco for proper pipe ceremony, etc." (Expedited Petition, Dkt. Entry No. 9 at 2-3). Plaintiff seeks transfer to a different facility to accommodate his religious needs and $1,000,000 in damages. (*Id*. at 1, 4.)

In a letter dated March 3, 2013, plaintiff informed the Court that he was no longer incarcerated at the MDC and was transferred to a halfway house in New Hampshire. (Letter, Dkt. Entry No. 8.) By nature of his release, Abernathy is no longer incarcerated or under the supervision of the named defendant. "It is well settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin*, 76 F. 3d 504, 506 (2d Cir. 1996); *see also Hallett v. New York State Dep't of Corr. Servs*., 109 F. Supp. 2d 190, 196 (S.D.N.Y. 2000) (dismissing plaintiff's claims for injunctive relief with respect to prison conditions as moot as plaintiff was released from the defendant-facility). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin–Trigona v. Shiff*, 702 F. 2d 380, 386 (2d Cir. 1983). To the extent plaintiff's action seeks an order directing the MDC to provide religious accommodation, the case is moot.

---

[1] In the complaint, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

However, plaintiff's claims for damages against defendant under *Bivens* and RLUIPA may proceed at this time. Although there is no uniformity on this issue, the weight of authority suggests that the RLUIPA does not allow for recovery of damages against the defendant, either individually or in his official capacity. *See, e.g.*, *Pugh v. Goord*, 571 F. Supp. 2d 477, 503 (S.D.N.Y. 2008)(dismissing plaintiff's claims for damages under the RLUIPA against defendants in their individual and official capacities, but noting that "[c]ourts are also split on the issue of whether monetary damages are available under RLUIPA").

[THIS PORTION OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

The Court's February 13, 2013 Order dismissing this case is vacated and the Clerk of the Court is directed to re-open this case. Plaintiff's request for leave to proceed *in forma pauperis* is granted. However, as plaintiff's request for injunctive relief is rendered moot by his release, it is dismissed as moot. Plaintiff's claims for damages against defendant Strada under *Bivens* and RLUIPA may proceed. The United States Marshals Service is directed to serve the summons, complaint, and "Expedited Petition" upon the defendant without prepayment of fees. This action is referred to Magistrate Judge Viktor Pohorelsky for all pretrial matters. The Clerk of Court is respectfully requested to mail a copy of this Order to plaintiff at his current address in New Hampshire and plaintiff is reminded that it his obligation to keep the Court informed of his current mailing address and telephone number in writing. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 29, 2013

                                                /s/
                                      DORA L. IRIZARRY
                                United States District Judge